[Civ. No. 1243. Second Appellate District.—October 11, 1912.]

RALPH H. BROWN, Petitioner, v. H. J. LELANDE, County Clerk of the County of Los Angeles, State of California, Respondent.

COUNTY GOVERNMENT ACT—VALIDITY OF ORDINANCE—QUESTION AS TO LICENSES OUTSIDE OF INCORPORATED CITIES—EXPRESSION OF OPINION OF VOTERS—ACTION BY BOARD.—Under section 13 of the County Government Act providing that the board of supervisors may "at any election, submit any questions upon which they may desire the opinion of the voters of the county," the Board of Supervisors of Los Angeles County may adopt an ordinance providing that at every general election in said county, propositions shall be severally submitted to the electors of each voting precinct therein, outside of incorporated cities and towns: "1. Shall wholesale and retail liquor dealers' licenses be granted in this precinct?" "2. Shall winery keeper's licenses be granted in this precinct?" "3. Shall hotel and restaurant liquor dealers' licenses be granted in this precinct?" "4. Shall licenses for public billiard rooms be granted in this precinct?" Said ordinance is to be considered as calling for the opinion of the voters to be acted upon by the board of supervisors.

ID.—POWER OF SUPERVISORS TO CALL FOR OPINIONS OF VOTERS UNAFFECTED BY INDEPENDENT PART OF SECTION HELD UNCONSTITUTIONAL. The power of the board of supervisors to submit questions upon which they desire the opinion of the voters, under section 13 of the County Government Act, is not affected by the fact that an inde-

pendent provision in the same section authorizing an ordinance to be enacted by vote of the people has been held unconstitutional and void, as interfering with the legislative functions of the supervisors. In the present case, the board is not bound by the result of the election; and the expression of the voters is ineffectual unless enacted by the board. But the board may properly permit the voters to express their opinions as to the desirability of its enactment of police measures.

ID.—DUTY OF CLERK OF BOARD OF SUPERVISORS—IMPROPER APPLICATION FOR WRIT OF MANDATE.—It is made the duty of the clerk of the board of supervisors under the ordinance to submit the stated questions to the stated precincts at each general election and to certify the result to the Board of Supervisors of Los Angeles County; and a taxpayer of the county will not be granted a writ of mandate to prevent the clerk from obeying the provisions of the ordinance.

PETITION for Writ of Mandate to the County Clerk of Los Angeles County.

The facts are stated in the opinion of the court.

Waterman & Green, Alfred H. McAdoo, and W. S. Wright, for Petitioner.

John D. Fredericks, District Attorney, B. C. Hanna, Chief Deputy District Attorney, and A. J. Hill, Deputy District Attorney, for Respondent.

THE COURT.—Original application by a taxpayer of Los Angeles County for a peremptory writ of mandate.

It appears from the petition, to which a general demurrer is interposed, that on August 30, 1910, the Board of Supervisors of Los Angeles County adopted an ordinance, No. 245 (New Series), entitled: "An Ordinance regulating and licensing certain kinds of business in the county of Los Angeles"; that section 25 of this ordinance provides:

"At every general election hereafter held, the following four propositions shall be severally submitted to the electors of each voting precinct in the county of Los Angeles, outside of incorporated cities and towns, to wit:

"1. Shall wholesale and retail liquor dealers' licenses be granted in this precinct?

"2. Shall winery keepers' licenses be granted in this precinct?

"3. Shall hotel and restaurant liquor dealers' licenses be granted in this precinct?

"4. Shall licenses for public billiard rooms be granted in this precinct?

"The county clerk is hereby authorized and directed to put each of said propositions upon the ballots for each of said precincts at every general election, in the manner prescribed by law, without any further order to that effect. The number of votes in each of said precincts for and against each of said propositions shall be entered in the minutes of the board of supervisors."

That respondent as county clerk of Los Angeles County in preparing and having printed the ballots to be used at the general election to be held on November 5, 1912, intends to and will include and have printed thereon the four propositions specified in section 25 of said ordinance so required by the provisions thereof to be submitted to the electors of the county outside of incorporated cities. The prayer is for a writ of mandate to be issued to respondent as county clerk commanding him in the preparation and printing of the sample ballots required to be mailed to the electors in precincts of said county outside of incorporated cities therein, as well as the ballots to be used at the general election to be held in said precincts on November 5, 1912, to omit therefrom and from each and all of them, the four propositions specified in section 25 of said ordinance.

Petitioner contends that the ordinance directing the proposed action of the clerk is void in that there is no provision of the statute authorizing the board of supervisors to submit such questions to the electors. In thus contending petitioner has apparently overlooked section 13 of the County Government Act, enacted in 1897 (Stats. 1897, p. 454; Henning's General Laws of Cal., p. 193), which in express terms provides: "The board of supervisors may also, at any election, submit any question or proposition upon which they may desire the opinion of the voters of the county." The power so to do is in no wise affected by the fact that the preceding part of the section of which it forms an independent part has been held to be unconstitutional. (*Ex parte Anderson*, 134 Cal. 69, [86 Am. St. Rep. 236, 66 Pac. 194]; *Ex parte Young*, 154 Cal. 317, [22 L. R. A. (N. S.) 330, 97 Pac. 822].) So far as

we are advised, this provision has never in express terms been repealed, and we are unable to find any subsequent act with which it in any manner conflicts upon which to base a claim of an implied repeal. The board is not bound by the result of the election, and hence the expression of opinion by the electors is ineffectual for any purpose, but the validity of the provision is not affected by such fact. As said by Chief Justice Beatty in *Ex parte Anderson,* 134 Cal. 69, [86 Am. St. Rep. 236, 66 Pac. 194] : "It might well be argued that such a law would be inexpedient, or even foolish, but laws cannot be invalidated upon that ground." Our attention is not directed to any provision of the constitution to which the statute quoted is obnoxious, and we know of none. This provision of the law, through which the electors are permitted to express their views upon the question of the desirability of the enactment of police measures, is in harmony with the general trend of modern legislation conferring upon the people the right to determine such questions for themselves.

Writ denied.

A petition for a rehearing of this cause was denied by the district court of appeal on October 15, 1912, and the following opinion then rendered thereon:

THE COURT.—The application for rehearing is not without merit. The propositions advanced are, however, argued for the first time upon such application. The limited time afforded the respondent to cause the ballots to be printed and the probable effect upon the general election, were the alternative writ revived, appeals to us as sufficient reason for denying a rehearing. In addition to this, it is not probable that a different judgment would meet with the unanimous concurrence of the justices of this court.

Rehearing denied.